**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-121-DLB**

**JEWENTI JEWENTI**                                                                      **PETITIONER**


**v.**                                                        **ORDER**


**SAMUEL OLSON, et al.**                                                        **RESPONDENTS**

* * * * * * * * * * * * * * * *

This matter is before the Court upon Petitioner' Jewenti's Motion to Enforce Order (Doc. # 7), wherein he requests this Court clarify a provision of its previous Order granting Petitioner's Petition for Writ of Habeas Corpus (Doc. # 5).  Specifically, Petitioner requests the Court clarify its decision as to who bears the burden of proof in a bond determination hearing.  (Doc. # 7 at 1).  Petitioner maintains that, at his first bond hearing before the Memphis Immigration Court on April 23, 2026, Immigration Judge ("IJ") Kelly Johnson expressed confusion about the Court's Order, initially telling Petitioner that he bears the burden of proving he is not a danger to society or a flight risk.  (Doc. # 7-1 ¶ 5).  Petitioner's Counsel objected to the IJ's contention and directed the IJ to this Court's Order, which states that the government bears the burden of proof in a constitutionally adequate bond hearing.  (*Id.*).  The IJ continued Petitioner's bond hearing to give this Court time to clarify its position.

Under a plain reading of the Court's Order, there is hardly anything to clarify.  Per the Court's Order, Petitioner Jewenti is entitled to a constitutionally adequate bond hearing in which **the government bears the burden of proving Petitioner is either a**

1

**danger to the community or a flight risk by clear and convincing evidence**.  Indeed, this Court's interpretation of the burden of proof is well established in district courts and circuits across the country.  *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)"); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2nd Cir. 2020) (finding that the "district court correctly ordered a new bond hearing where the Government bore the burden of proof"); *Azalyar v. Raycraft*, No. 1:25-cv-916, 2026 WL 30741, at *5 (S.D. Ohio Jan. 2, 2026) ("Respondents must provide a custody redetermination hearing at which the government bears the burden of justifying [the petitioner's] continued detention"); *Rajesh v. Barr*, 420 F. Supp. 3d 78, 87-88 (W.D.N.Y. Oct. 29, 2019) ("The Court agrees with the district court cases holding that allocating the burden to a noncriminal alien to prove he should be released on bond under § 1226(a) violates due process because it asks '[t]he individual . . . to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the [Government]'" (quoting *Addington v. Texas*, 441 U.S. 418, 427 (1979))); *Singh v. Barr*, 400 F. Supp. 3d 1005, 101 (S.D. Cal. 2019) ("The Court agrees with the reasoning of its sister courts and concludes that the Fifth Amendment's Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that continued detention is justified at a § 1226(a) bond redetermination hearing."); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, 2026 WL 161002, at *11 (W.D. Mich. Jan. 21, 2026) ("Due process requires that, to deny bond, the government must show by clear and convincing evidence that Petitioner is a flight risk or danger to the community.").

2

Accordingly, Respondents bear the burden of proof in Petitioner's bond hearing. They must show by clear and convincing evidence that Petitioner Jewenti is a flight risk or danger to the community.

This 30th day of April, 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:Judge-DLB\DATA\ORDERS\Cov2026\26-121 Order re DE 7.docx